*1425
 
 Opinion
 

 ALDRICH. J.
 
 *
 

 Introduction
 

 Plaintiff and appellant Robert Roman (Roman) appeals from the order of dismissal of his action for wrongful termination against defendants and respondents Usary Tire and Service Center and Dan Usary (collectively, Usary) for failure of his counsel to appear at a hearing on an order to show cause (OSC). Roman contends the trial court erred and abused its discretion in denying his motion for relief and his motion for reconsideration.
 

 We reverse the order of dismissal and remand for further proceedings consistent with this decision.
 

 Factual and Procedural Background
 

 The complaint was filed on January 13, 1991. On November 5, 1991, Roman filed the at-issue memorandum. The trial court ordered the matter to arbitration. The arbitration was set for May 22, 1992. Roman’s counsel did not appear for the arbitration until almost an hour after the time it was scheduled to commence. The arbitrator cancelled the arbitration before Roman’s counsel arrived.
 

 On May 29, 1992, the trial court set a hearing for June 30, 1992, for Roman and his attorneys to show cause why this action should not be dismissed for failure to attend the arbitration hearing. The notice stated, “In the event no written opposition is filed within 15 days after service of this notice pursuant to Rule 373 of the California Rules of Court and no appearance is made at said hearing, it is further ordered that mailing of this Notice to counsel of record . . . will constitute Notice of Filing of Order of Dismissal. Failure to file opposition and appear at the hearing of the order to show cause will result in dismissal of this case pursuant to CCP 583.410(a). . . .”
 

 Roman filed opposition to the trial court’s notice, supported by the declaration of his attorney, Michael Fabrizio Fagiani. Fagiani declared he was “ordered” by a partner of his law firm to attend an ex parte hearing in another case in Glendale at 1:30 p.m. on the day scheduled for the arbitration. When he was required to wait for the judge at the ex parte hearing, he
 
 *1426
 
 requested the Glendale court clerk to call the arbitration office in Norwalk and advise them of the problem. During the ex parte hearing, Fagiani was sent out to the telephone to check on the calendar of Luostari. Fagiani requested the secretary to call the Norwalk court to tell them he was running late because of the ex parte hearing but was on his way. He left Glendale about 2:10, but encountered extremely heavy traffic and did not arrive at the Norwalk court until some minutes after 3 p.m. When he arrived, Roman, his client, was waiting outside and informed him that everyone had left.
 

 At the hearing on the order to show cause on June 30,1992, the trial court sanctioned Fagiani personally $250 for failing to appear and $150 for the arbitrator’s fee, for a total sum of $400. The trial court stated it would entertain a motion for sanctions from the defense for appearing at the matter but that was not before the court at that time. The trial court directed Fagiani to report to the arbitration clerk and obtain a new date with the arbitrator and reset the arbitration. The notice of ruling, dated July 6, 1992, prepared by Roman’s counsel identified four dates available to the arbitrator and requested Usary to advise the arbitrator and Roman of available dates in writing. The arbitration, however, was never reset by plaintiffs counsel.
 

 On October 20, 1992, upon review of the court file and a letter from Roman’s counsel requesting a new arbitration date, the trial court ordered the cause set for “OSC Re Dismissal/Sanctions” on December 21, 1992. The notice advised counsel, “Appearance Is Mandatory and Opposition, If Any, to Be Filed Within 15 Days of This Order.” The order was forwarded to counsel for Roman. And Roman sent Usary notice of the OSC.
 

 At the OSC hearing on December 21, 1992, neither Roman nor his counsel appeared. The trial court stated the order was that a dismissal was to be filed if there was no appearance and ordered the action dismissed.
 
 [1]
 
 This was one year and eleven months after the complaint was filed.
 

 On January 15, 1993, Roman moved for relief from dismissal pursuant to Code of Civil Procedure section 473 on the grounds that the dismissal was taken against him by reason of mistake, inadvertence, and/or excusable neglect of him and/or his attorneys. In support of the motion, Robert C. Burlison, Jr., of the law firm representing Roman, declared Fagiani departed the firm after the June 30 hearing and Burlison took over Roman’s case. Burlison’s secretary attempted to confirm dates for the arbitration from June
 
 *1427
 
 30 until about October 7, 1992, but the arbitration secretary and/or the arbitrator, were either unable or unwilling to set a date without a further application to the court. Plaintiff’s counsel failed to make application to the court. The Norwalk arbitration office advised Burlison’s secretary to write a letter requesting a new arbitration date. She did so by letter dated October 7, 1992. Burlison explained he missed the hearing on the OSC set for December 21, 1992, because he was in the “rush” of preparation for trial in San Diego. He had been notified on December 17 that the trial, which had been trailing, would commence on December 21. Burlison had requested his secretary to verify the next week’s calendar and have one of the other attorneys in his office appear at any hearing he was assigned to take while he was in trial. In the afternoon of December 21, Burlison’s secretary advised him she had inadvertently forgotten to pass a message regarding the Monday OSC hearing along to another attorney, thereby leaving the hearing uncovered.
 
 [2]
 

 In opposition to the motion for relief, Usary’s attorney, Carolyn M. Dunnett, declared the plaintiff had repeatedly disregarded its obligation to appear as scheduled or ordered and had repeatedly failed to notify Usary’s attorney of actions before the court. She claimed the expense to Usary had exceeded $4,000, as reflected in her cost bill. Dunnett declared she wrote three letters to Roman’s attorney reminding him that a date for the arbitration had not been scheduled and asking to be advised if the case was abandoned, but received no response.
 

 The trial court denied Roman’s motion for relief. The trial court observed there was “a chronic history” of nonappearance by the law firm and a failure to comply with the order to set a new date for the arbitration and notify defendants.
 

 On March 8, 1993, Roman noticed a motion for reconsideration pursuant to Code of Civil Procedure section 1008, on the grounds the court’s order was based upon facts which were now known to be incorrect and which “make the court’s order unconscionable in that nothing that plaintiff nor his counsel [had] done mandates a denial of the motion” for relief from dismissal of the complaint. In support he urged basically the same grounds he had urged in his motion for relief under Code of Civil Procedure section 473.
 

 At the March 26,1993, hearing on the motion for reconsideration, the trial court pointed out that Roman’s notification of four possible arbitration dates
 
 *1428
 
 to defendants did not constitute compliance with the court’s order which required Roman to establish a date. The parties disputed whether Roman’s attorney ever responded to Dunnett’s request to be advised of potential dates or whether Roman intended to proceed on the matter. TTie trial court observed that a handwritten memo from the arbitrator in the file showed Roman’s attorney was 55 minutes late for the May 22 arbitration. Also, the trial court pointed out the notice of the order to show cause stated, in all capital letters, “Appearance Is Mandatory.” The correspondence from opposing counsel did not reveal failure to set an arbitration date was caused by her. Based upon the several failures to appear, the trial court denied the motion for reconsideration.
 

 Roman appeals from the order of dismissal and the orders denying his motion for relief and his motion for reconsideration.
 

 Contentions
 

 Roman contends the trial court’s notice was defective and therefore the order of dismissal is void.
 

 Roman also contends the dismissal was not authorized by statute or the court’s inherent authority. In addition, the trial court erred in denying Roman’s motions for relief and reconsideration. We disagree with appellant that the trial court’s notice was defective but we agree the court was not authorized by Code of Civil Procedure section 583.410, subdivision (a) to dismiss this action, and the order of dismissal must be reversed.
 

 Discussion
 

 1.
 
 The Notice of the Hearing on the OSC Provided Due Process Notice of Possible Dismissal for Delay in Prosecution.
 

 Roman contends the notice of the OSC hearing of December 21, 1992, was defective for failure to cite any statutory authority for dismissal or to warn of dismissal for nonappearance.
 

 If the court intends to dismiss an action on its own motion, rule 372 of the California Rules of Court requires the clerk to set a hearing on the dismissal and mail notice at least 20 days before the hearing date.
 

 “At a minimum, [procedural requirements that precede any dismissal for lack of prosecution] include notice to the plaintiff of a motion or intent to dismiss and an opportunity for plaintiff to be heard.
 
 (Cordova
 
 v.
 
 Vons
 
 
 *1429
 

 Grocery Co.
 
 (1987) 196 Cal.App.3d 1526, 1531 [].)”
 
 (Reid
 
 v.
 
 Balter
 
 (1993) 14 Cal.App.4th 1186, 1193 [18 Cal.Rptr.2d 287].)
 

 In
 
 Reid
 
 v.
 
 Balter, supra,
 
 this division held “. . . plaintiffs were
 
 not
 
 given notice that their case would be dismissed if they failed to appear for the status conference. . . . Therefore, dismissal was a clear violation of plaintiffs’ due process rights
 
 (ibid.)
 
 and the order of dismissal is void
 
 (Lovato
 
 v.
 
 Sante Fe Internat. Corp.
 
 (1984) 151 Cal.App.3d 549 []).”
 
 [3]
 
 (14 Cal.App.4th at p. 1193.)
 

 The court reasoned that the warning the case could be dismissed if plaintiffs failed to appear on May 15,1989, for a trial setting conference was not sufficient notice to sustain dismissal for failure to appear October 27, 1989, at the status conference. The order for the status conference specifically stated which sanctions might be imposed, but did not include dismissal. (14 Cal.App.4th at pp. 1193-1194.)
 

 In the instant case, the possibility of dismissal was expressed in the trial court’s notice of the December 21 OSC. The notice ordered the cause “Set for OSC Re Dismissal/Sanctions on 12-21-92 at 8:30 A.M. in Department Se-F H[] Appearance is Mandatory and Opposition, If Any, to Be Filed Within 15 Days of This Order.”
 

 In contrast to the earlier notice, however, there was no reference to any statutory authority or legal basis for dismissal. However, the notice in the context of the action related back to the earlier notice and resulting order directing Roman to reset arbitration, providing sufficient notice of the possibility of dismissal to satisfy due process. Furthermore, the hearing on Roman’s motion for relief provided him with an opportunity to demonstrate to the court that the action should not be dismissed on that basis.
 
 (Cordova
 
 v.
 
 Vons Grocery Co.
 
 (1987) 196 Cal.App.3d 1526, 1531 [242 Cal.Rptr. 605].)
 

 
 *1430
 
 2.
 
 Abuse of Discretion Is the Standard of Review.
 

 “ ‘It has been aptly remarked that [Code of Civil Procedure] section 583.420 and the other dismissal-for-delay statutes serve a dual purpose: “[0]ne is effectually the same as that of statutes of limitations—they are both statutes of repose, seeking to discourage stale claims ‘to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.’ [Citations.] Secondly, the dismissal section is designed to compel reasonable diligence in the prosecution of actions, thereby expediting the administration of justice. [Citations.]” [Citations.] Balanced against these considerations is, of course, the strong public policy which seeks to dispose of litigation on the merits rather than on procedural grounds. [Citations.] Although that policy is generally viewed as more compelling than the one seeking to promote prompt prosecution [citations], it will not prevail unless the plaintiff meets [her] burden of establishing excusable delay. [Citation.]’ [Citation.]
 

 “ ‘When the trial court has ruled on such a motion, “ ‘unless a clear case of abuse is shown and unless there has been a miscarriage of justice a reviewing court will not substitute its opinion and thereby divest the trial court of its discretionary power.’ ” [Citations.] “ ‘The burden is on the party complaining to establish an abuse of discretion . . . .’” [Citation.]’
 
 (Blank
 
 v.
 
 Kirwan
 
 (1985) 39 Cal.3d 311 [].)”
 
 (Roach
 
 v.
 
 Lewis
 
 (1993) 14 Cal.App.4th 1179, 1182-1183 [18 Cal.Rptr.2d 281].)
 

 3.
 
 The Trial Court Lacked Authority to Dismiss This Case Pursuant to Code of Civil Procedure Section 583.410, Subdivision (a).
 

 The trial court’s order specified dismissal was pursuant to Code of Civil Procedure section 583.410,
 
 [4]
 
 subdivision (a). Discretionary dismissal for delay in prosecution pursuant to section 583.410, subdivision (a), was premature.
 

 Code of Civil Procedure section 583.410, subdivision (a), provides, “The court may in its discretion dismiss an action for delay in prosecution pursuant to this article on its own motion or on motion of the defendant if to do so appears to the court appropriate under the circumstances of the case.”
 

 However, Code of Civil Procedure section 583.420 prohibits discretionary dismissal for delay unless one of certain conditions has occurred. These
 
 *1431
 
 include failure to bring the action to trial within three years, or within two years by rule adopted by the Judicial Council pursuant to Code of Civil Procedure section 583.410.
 

 California Rules of Court, rule 372 allows the court on its own motion to dismiss an action pursuant to Code of Civil Procedure section 583.410 for delay in prosecution “. . . if the action has not been brought to trial . . . within two years after the action was commenced against the defendant.” (Cal. Rules of Court, rule 372.)
 

 At the time the trial court rendered its order to dismiss, the case was less than two years old: the complaint was filed on January 13, 1991, and the case was ordered dismissed on December 21, 1992. Discovery had been completed and the parties were ready for arbitration on May 22, 1992.
 
 [5]
 

 Additionally, the express policy of the state is to favor trial on the merits over dismissal for failure to proceed with reasonable diligence. (Code Civ. Proc., § 583.130.)
 

 4.
 
 Conclusion
 

 The trial court lacked authority to dismiss this action and therefore abused its discretion. The order of dismissal must be reversed.
 

 Disposition
 

 Order of dismissal reversed. Costs on appeal awarded to appellant.
 

 Klein, P. J., and Croskey, J., concurred.
 

 *
 

 Judge of the Ventura Superior Court sitting under assignment by the Chairperson of the Judicial Council.
 

 [1]
 

 The record on appeal did not contain a copy of the minute order of dismissal. Prior to oral argument the court requested counsel for plaintiff to produce a copy of the minute order and it was produced at the hearing. The order stated that the action was being dismissed pursuant to Code of Civil Procedure section 583.410, subdivision (a). Notice of ruling was filed and served December 23, 1993 (less than two years after the complaint was filed).
 

 [2]
 

 There is no competent evidence in the record as to these facts. The declaration of Burleson that he was informed by his secretary, Debbie Montiel, that “she had inadvertently forgotten to pass the message along to another attorney” is clearly hearsay and conclusionary. The declaration of Debbie Montiel which was filed with the motion for reconsideration was not executed by her but apparently by someone else, “. . . for Debbie Montiel.”
 

 [3]
 

 In
 
 Reid,
 
 the trial court’s notice of a trial setting conference on May 15, 1989, advised plaintiffs the case would be dismissed if they or their counsel failed to appear. At the trial setting conference, the trial court ordered the matter to arbitration, with an award to be submitted within 120 days, and set a status conference for October 27, 1989. The order warned, “if the court’s orders were violated, ‘sanctions may be imposed by way of contempt, payment of money, including attorney’s fees and costs incurred by other parties, and/or removal of the case from the civil active list.’ ” (14 Cal.App.4th at p. 1189.) The arbitrator made his award but plaintiffs failed to appear at the scheduled status conference. The trial court ordered the case dismissed. However, the order of dismissal was vacated and a subsequent motion by defendants to dismiss was denied and the case went to trial.
 
 (Id.,
 
 at p. 1190.) After judgment in plaintiffs’ favor, defendants appealed, arguing the order of dismissal was valid and appropriate, since plaintiffs failed to appear at the October 1989 status conference.
 

 [4]
 

 At the hearing on Roman’s motion for relief, the trial judge commented that the “chronic history” of nonappearance went to the issue of “whether or not there is diligent prosecution.”
 

 [5]
 

 In his brief Roman represents this to be the case. Roman also states the ex parte hearing of May 22, 1992, was “unexpected,” having been noticed the day before. In the absence of a respondent’s brief, the court accepts as true the statements of facts in the appellant’s opening brief. (Cal. Rules of Court, rule 17(b).)