[No. B187011. Second Dist., Div. Five. Aug. 10, 2006.]

DIXIANNE HAWKS, Plaintiff and Appellant, v.
CLARA B. HAWKS, Individually and as Trustee, Defendant and
Respondent.

**COUNSEL**

Dixianne Hawks, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

**OPINION**

**TURNER, P. J.—**

## I. INTRODUCTION

Plaintiff, Dixianne Hawks, appeals from an order dismissing her complaint concerning title to real property brought against a number of defendants after the death of her father, Thomas Hawks.[1] Relying solely on Code of Civil Procedure,[2] section 583.410, subdivision (a) the trial court dismissed the action without prejudice at an order to show cause hearing for failure to serve defendants with the summons and complaint. We reverse.

## II. BACKGROUND

The complaint was filed on May 5, 2005. The July 19, 2005 minute order states the case was set for an order to show cause for failure to file a proof of service. On July 18, 2005, plaintiff filed an affidavit requesting a three-month extension of time to serve the complaint. Plaintiff, who is representing herself, stated she was disabled; she needed counsel to represent her in the matter; and there was a matter pending in Northern California between her and one of the defendants in this action. Plaintiff did not appear at the order to show cause hearing on July 19, 2005, wherein the trial court dismissed this

---

[1] The appeal is proceeding under California Rules of Court, rule 17(a)(2).

[2] All further statutory references are to the Code of Civil Procedure.

action solely pursuant to section 583.410, subdivision (a), without prejudice. Plaintiff's timely appeal followed.

## III. DISCUSSION

The trial court dismissed the action solely pursuant to section 583.410, subdivision (a), which provides in pertinent part: "The court may in its discretion dismiss an action for delay in *prosecution pursuant to this article* . . . if to do so appears to the court appropriate under the circumstances of the case." (Italics added; see *Maginn v. City of Glendale* (1999) 72 Cal.App.4th 1102, 1108 [85 Cal.Rptr.2d 639]; *Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 698–699 [46 Cal.Rptr.2d 119].) Discretionary dismissals under section 583.410 are contained in part 2, title 8, chapter 1.5, article 4 of the Code of Civil Procedure. Section 583.420 of article 4 provides in part: "(a) The court may not dismiss an action *pursuant to this article* for delay in prosecution except after one of the following conditions has occurred: [¶] (1) Service is not made within two years after the action is commenced against the defendant." (Italics added.)

In this case, the complaint was filed on May 5, 2005. The court dismissed the action on July 19, 2005, which was only two months after the action commenced. However, a delay of less than two years in service of the summons and complaint is not a ground for dismissal under the only provision relied upon by the trial court. (§§ 583.410, 583.420, subd. (a)(2); *Roman v. Usary Tire & Service Center* (1994) 29 Cal.App.4th 1422, 1430–1431 [35 Cal.Rptr.2d 329]; *Marriage v. Keener* (1994) 26 Cal.App.4th 186, 193 [31 Cal.Rptr.2d 511].) Accordingly, the dismissal under section 583.410, subdivision (a) was improper.

## IV. DISPOSITION

The dismissal order is reversed.

Armstrong, J., and Kriegler, J., concurred.