Filed 3/10/25  Batinovich v. Wells Fargo Bank CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| VICTOR BATINOVICH, Plaintiff and Appellant, v. WELLS FARGO BANK NA, Defendant and Respondent. | H051825 (Santa Clara County Super. Ct. No. 19CV344247) |

This appeal arises from an action filed in 2019 by plaintiff Victor Batinovich against several defendants, including Wells Fargo Bank NA (Wells Fargo), for various causes of action, including breach of duty and care, and conversion of property.  At an order to show cause (OSC) hearing on May 11, 2023, the trial court dismissed the entire action without prejudice after Batinovich did not appear for the hearing.  Batinovich filed a motion to set aside the dismissal[1], which the trial court denied in November 2023.

Batinovich now appeals the court's order denying his motion to set aside the dismissal, claiming that he did not receive proper notice of the May 2023 OSC hearing date or that his case could be dismissed if he failed to appear, and that the reasons provided by

_____

[1] While Batinovich indicates that his appeal was from an order seeking reconsideration pursuant to Code of Civil Procedure section 1008, the record provided reflects that his motion was to set aside the dismissal pursuant to Code of Civil Procedure section 473, subdivision (b).

the court for denying his motion to set aside did not support a full dismissal of his case.  For the reasons explained below, we find no merit to Batinovich's claims and affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  *Complaint and Allegations*

On February 28, 2019, Batinovich filed a complaint, which listed Batinovich, his wife Ann Batinovich, and Batinovich's company, I2A Technologies, Inc. (I2A) as plaintiffs, against 18 named defendants, including Wells Fargo, and 75 unnamed defendants, for a single cause of action of fraud.  Batinovich then filed a first amended complaint (FAC) on November 7, 2019, that included eight causes of action, including intentional and negligent breach of duty of great care or diligence, fraudulent and negligent conversion of bailment property, fraudulent and negligent conversion of Batinovich's checking account, and fraudulent and negligent conversion of Batinovich's loan account.  In his FAC, Batinovich alleged that Wells Fargo had repossessed semi-conductor chips and other company inventory from I2A after I2A had defaulted on a $500,000 line of credit, and sold the inventory to a third party for a "tiny fraction" of its actual value.  Batinovich also claimed that Wells Fargo had improperly debited his personal checking account for funds that he had never withdrawn or signed/authorized checks for, and subsequently froze his account, resulting in him being unable to make his mortgage payments and losing his home to foreclosure.  Finally, Batinovich contended that Wells Fargo misapplied payments he and Ann had made towards the principal amount owed on their home equity line of credit, which caused them to incur late fees and negatively impacted their credit reports.

### B.  *Proceedings Prior to Dismissal*

On June 11, 2019, the trial court held a case management conference, where no parties appeared, and subsequently set an order to show cause (OSC) for failure to appear on October 3, 2019, noting that the case would be dismissed if Batinovich did not appear. Counsel for all plaintiffs, including Batinovich, appeared at the October 3, 2019 hearing, at which time the court set a new OSC for failure to serve on January 30, 2020.  When the

plaintiffs again did not appear at the January 30, 2020 hearing, the trial court set an OSC for failure to appear on April 16, 2020, noting once more that the case would be dismissed if Batinovich did not appear. Shortly before the hearing date, Batinovich's counsel filed an opposition to dismissal, indicating that his non-appearance was inadvertent and that he was in the process of serving the FAC on the named defendants. The trial court subsequently reset the OSC to September 3, 2020.[2]

Shortly before the September hearing, Batinovich served his FAC on defendants on August 25, 2020. At the September 3, 2020 hearing, the OSC was vacated, and the matter was continued for a further case management conference on January 19, 2021. Prior to the conference, Batinovich's counsel filed a case management conference statement indicating that the case would be ready for trial within 12 months and would require a 30-day jury trial due to the large dollar amount related to the claims and the number of witnesses.

On June 28, 2021, Batinovich's counsel filed a motion to be relieved as counsel. This motion was later taken off calendar in September 2021 due to lack of proof of service on Batinovich. The parties appeared at three more case management conferences between October 2021 and July 2022, at which time the matter was set for a trial setting conference on December 8, 2022. The register of actions further reflects that on April 20, 2022, Wells Fargo filed three separate motions to compel various discovery responses from Batinovich, all of which were granted by the court on August 16, 2022.

On November 3, 2022, Batinovich's counsel filed a new motion to be relieved as counsel, indicating that he had suffered from a stroke in 2019 that had negatively impacted his ability to practice law, and that he was in the process of retiring. Counsel subsequently did not appear at the December 8, 2022 trial setting conference, although both Batinovich and counsel for Wells Fargo were present. The trial court then set the matter for an OSC for

_____

[2] According to the register of actions, this date was reset due to court closures in April 2020.

Batinovich's counsel's failure to appear on May 11, 2023, and written notice of the OSC was mailed out to Batinovich's counsel by the court clerk. While not reflected in the minute order, the written notice for the OSC further indicated that "[p]lt's [*sic*] failure to appear may result in dismissal of the case."

At a court hearing on March 14, 2023 (which was in front of a different judge than the December 8, 2022 conference), the trial court granted Batinovich's counsel's motion to be relieved as counsel for all plaintiffs, with Batinovich being personally present at the hearing. In its written order granting the motion, the trial court indicated that the OSC set for May 11, 2023 would remain on calendar as scheduled. According to the proof of service provided by Batinovich, the court clerk served the order by mail on Batinovich's former counsel and counsel for Wells Fargo, but did not serve it directly on Batinovich.

## C. Dismissal and Subsequent Proceedings

On May 11, 2023, the court held an OSC as previously scheduled. As Batinovich did not appear at this hearing, the court dismissed the matter without prejudice.[3] A formal order for dismissal was filed and served on the parties on August 1, 2023.

### 1. Motion to Set Aside Dismissal

On August 9, 2023, Batinovich, acting in pro per, filed a motion to set aside the dismissal pursuant to Code of Civil Procedure section 473, subdivision (b)[4], on the grounds that the dismissal was entered through mistake, inadvertence, surprise, or excusable neglect. In his motion, Batinovich claimed that the mistake or inadvertence was "actually the Court's" and argued that at the December 8, 2022 hearing, the court set the OSC against his counsel only based on counsel's failure to appear, not against Batinovich (who was present at the hearing). Batinovich contended that the clerk mistakenly issued the OSC notice

---

[3] The minute order reflects that there was no court reporter present at this hearing.

[4] Unspecified statutory references are to the Code of Civil Procedure.

against Batinovich "generally" instead of specifically against his counsel. Batinovich argued that it was "clear" that the judge at the December 8, 2022 hearing had issued the OSC solely to have counsel to explain his failure to appear, particularly since Batinovich had been personally present. Batinovich further asserted that once counsel was relieved, an explanation for his failure to appear was no longer required—particularly given the reasons cited by counsel in his motion to be relieved—and he (Batinovich) did not believe the May 11 OSC was still necessary. He therefore claimed that the dismissal came "as a surprise" to him, and that it should be set aside in the interests of justice.

### 2. *Opposition to Motion to Set Aside*

In response, Wells Fargo argued that Batinovich not only received notice to appear at the May 11 hearing but was also informed numerous times that failure to appear at hearings could result in his case being dismissed entirely. Wells Fargo contended that at the December 8, 2022 trial setting conference, the court spent substantial time discussing Batinovich's counsel's impending retirement and health conditions, and intentionally set the OSC on May 11—after the date already set for a hearing on counsel's motion to be relieved—for purposes of "tracking" the case. Wells Fargo claimed that because Batinovich was present at the December hearing, he presumably heard this discussion and therefore was aware that he would still need to appear at the May 11 OSC after his counsel was relieved. Wells Fargo also pointed to the language in the notice of hearing for the OSC, which specifically indicated that it was a "Notice of Hearing on OSC re: Dismissal," and stated that "Plt's [*sic*] failure to appear may result in dismissal of the case."

Wells Fargo further argued that at the March 14, 2023 hearing on Batinovich's counsel's motion to be relieved as counsel, the court clearly stated that the next hearing would be an OSC and case management conference on May 11, 2023. Wells Fargo also noted that the written order granting the motion, which was served on Batinovich's former counsel, not only indicated that the next hearing on the case would be the May 11 OSC, but also contained the following language: "NOTICE TO CLIENT [¶] You or your new

5

attorney, if any, must prepare for and attend this hearing." Accordingly, Wells Fargo claimed that Batinovich received proper notice of the May 11 OSC and was aware that: (1) he needed to be personally present; and (2) failure to appear could result in the case being dismissed.

Finally, Wells Fargo argued that Batinovich's "antics" provided additional support for the court's dismissal of the entire action. Wells Fargo noted that Batinovich refused to respond to discovery, requiring Wells Fargo to file motions to compel responses—which were all granted by the court as unopposed. Wells Fargo further claimed that Batinovich refused to let his counsel voluntarily withdraw from the case, despite being aware of counsel's medical condition that made him unable to provide competent representation, and therefore gave counsel no option but to seek the court's assistance in being relieved from the matter.

### 3. *Hearing and Order on Motion to Set Aside*

On November 21, 2023, the trial court held a hearing on Batinovich's motion to set aside the dismissal. After hearing argument from the parties, the trial court denied the motion.[5] In a written order filed on November 22, 2023, the trial court noted that almost five years had passed since Batinovich filed his complaint, and Batinovich had done "very little" to move the case forward in that time. The court pointed to Batinovich's failure to respond to discovery and found his claim that this failure resulted from his counsel's illness "rings hollow." The court also indicated that while Batinovich's counsel had filed his motion to be relieved as counsel in November 2022, Batinovich still did not move the case forward or retain counsel, even for I2A, which could not act in the case without counsel. Further, the court noted that Batinovich had repeatedly been given notice that failure to

---

[5] The minute order indicates there was no court reporter at this proceeding. In addition, the minute order indicates that the trial court had issued a tentative ruling prior to the proceeding, which it adopted as its order.

appear could result in dismissal of his case, and he was not excused from keeping track of his case once he became self-represented in March 2023.

Batinovich timely appealed the ruling on his motion to set aside the dismissal.[6]

## II. DISCUSSION

### A. Applicable Law and Standard of Review

Under section 473, subdivision (b), a trial court may "relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect" if the party requests relief "within a reasonable time, in no case exceeding six months," after the order is entered. Because the law favors disposing of a case on the merits, a denial of a section 473 motion is generally " 'scrutinized more carefully than an order permitting trial on the merits.' " (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 980–981.) Nonetheless, "[i]t is well established that the trial court's ruling on a motion for relief under section 473 is reviewed for an abuse of discretion. ' "A ruling on a motion for discretionary relief under section 473 shall not be disturbed on appeal absent a clear showing of abuse." [Citation.]' " (*Murray & Murray v. Raissi Real Estate Development*, LLC (2015) 233 Cal.App.4th 379, 384.)

---

[6] In his notice of appeal filed on January 22, 2024, Batinovich indicated that he was appealing both the August 1, 2023 order for dismissal and the November 22, 2023 order denying his motion to set aside the dismissal. However, in his amended Civil Case Information Statement filed on April 26, 2024, Batinovich stated that he was only appealing the November 22, 2023 order. At oral argument, Batinovich conceded that his appeal from the August 1, 2023 dismissal was untimely, as it needed to have been filed by November 7, 2023, which was 90 days after Batinovich filed a notice of his motion to set aside the dismissal. (See Cal. Rules of Court, rule 8.108(c)(1)–(3) [noting that when a party files a motion to vacate judgment, the time to appeal is extended to the earliest of the following: earliest of the following: (1) 30 days after the court or counsel serves an order denying the motion or a notice of entry of that order; (2) 90 days after the first notice of the motion to vacate is filed, or (3) 180 days after entry of judgment].) We shall therefore only reach the merits of the November 22, 2023 order.

7

In addition, " '[t]he abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious.' " (*People v. Dekraai* (2016) 5 Cal.App.5th 1110, 1140.) Accordingly, to the extent that the trial court's denial of Batinovich's motion to set aside the dismissal relied on factual findings, we review such findings for substantial evidence.

### B. Analysis

Batinovich argues that the reasons set forth by the trial court for denying his motion to set aside the dismissal were not sufficient to support dismissal of his entire action. He claims that any delay in him prosecuting the case was solely attributable to his former counsel, and he should not have been penalized for counsel's conduct. He further contends that to the extent the court dismissed the case as a sanction for his failure to respond to discovery, this was improperly "tack[ed] on" to previous orders for discovery sanctions. Batinovich next claims that his failure to secure new representation after his counsel had been relieved should have been grounds for a continuance, not dismissal. Finally, Batinovich disputes the court's statement that he was warned multiple times that failure to appear at a hearing could result in a dismissal, particularly since he allegedly did not receive proper notice of the May 11 OSC or any indication from the court that his failure to appear at this particular OSC could result in a dismissal of the entire action.

#### 1. The Record As Presented Does Not Demonstrate Reversible Error

In its responsive briefing, Wells Fargo contends that by not providing any transcripts, settled statements, or other transcript-substitute for any of the hearings on the case, Batinovich has failed to provide an adequate record to demonstrate reversible error.[7]

---

[7] As Batinovich filed no reply brief, he did not respond to this, or any other point, raised in Wells Fargo's brief.

The California Supreme Court has stated that "it is a fundamental principle of appellate procedure that a trial court judgment [or appealable order] is ordinarily presumed to be correct." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 (*Jameson*).) " 'All intendments and presumptions are indulged to support [the lower court's judgment or order] on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.]" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Any ambiguities in the record are resolved in favor of affirmance of the judgment or order. (*Winograd v. American Broadcasting Co.* (1998) 68 Cal.App.4th 624, 631.) It is the appellant's burden to overcome the presumption of correctness by demonstrating reversible error through an adequate record. (See *Jameson*, *supra*, 5 Cal.5th at p. 609.)

" ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.] 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' [Citation.]" (*Jameson*, *supra*, 5 Cal.5th at p. 609, fn. omitted.) Accordingly, "in the absence of a required reporter's transcript and other documents, we presume the judgment is correct." (*Stasz v. Eisenberg* (2010) 190 Cal.App.4th 1032, 1039.)

In reviewing the record as provided by Batinovich, we agree that it contains a number of omissions. For example, when designating the record to be provided on appeal, Batinovich only requested a reporter's transcript from the November 21, 2023 hearing on his motion to set aside the dismissal. He did not request reporter's transcripts, or submit settled statements in lieu of transcripts, from any of the other proceedings, including the May 11 OSC where the case was dismissed, or the hearings on March 14, 2023, and December 8, 2022, where the May 11 OSC and the reasons for setting this hearing was purportedly discussed on the record. While we acknowledge the minute orders from these

9

hearings reflect that no court reporter was present, nothing in the record reflects that Batinovich sought but was unable to obtain settled statements in lieu of transcripts pursuant to California Rules of Court, rule 8.137. (See *Hood v. Gonzalez* (2019) 43 Cal.App.5th 57, 79–80 [noting that if an appeal concerns any issues that require consideration of oral proceedings, the appellant must provide a reporter's transcript or a settled statement from the hearing, particularly if the issue is one concerning the abuse of discretion standard].) Accordingly, the record as provided does not support Batinovich's claims that the court never informed him about the May 11 OSC and the purpose in setting this hearing, or that failure to appear at the May 11 OSC could result in dismissal of his entire action—the very mistake or inadvertence that Batinovich had alleged as the basis for his original set-aside motion. Moreover, the written notice of the May 11 OSC, which was mailed out on December 8, 2022, specifically stated that Batinovich's (not counsel's) failure to appear could result in dismissal. Given the lack of a reporter's transcript or an appropriate substitute, there is insufficient information from the record to demonstrate that the inclusion of this language in the notice was erroneous or mistaken; indeed, such language suggests that there may have been further discussion on the record regarding the purpose of the May 11 OSC.

In the absence of information in the record affirmatively demonstrating error, we therefore must presume that the order was correct in finding Batinovich had not demonstrated a sufficient basis under section 473, subdivision (b) to set aside the dismissal.

### 2. *The Trial Court Did Not Abuse Its Discretion in Denying Batinovich's Motion Under Section 473, Subdivision (b)*

Even considering the issue on the merits, based on the limited record that we have before us, we find no abuse of discretion in the trial court's denial of Batinovich's motion to set aside the dismissal.

First, as the trial court noted, it "was not persuaded" by Batinovich's claims that he had not received notice of the hearings that led to dismissal of the action, noting that

Batinovich had been informed on several occasions that the case could be dismissed if he failed to appear. "Due process requires notice before a dismissal of a case may be entered." (*Lee v. Placer Title Co.* (1994) 28 Cal.App.4th 503, 510.) In the instant case, the minute order from the December 8, 2022 hearing reflects that Batinovich was present in court when the court scheduled the May 11 OSC, and the court clerk promptly mailed out written notice of this hearing date to Batinovich's counsel, who still represented him at the time. In addition, the OSC notice specifically stated that "Plt's [*sic*] failure to appear may result in dismissal of the case." Batinovich makes no reference to this written notice in his brief, and we find no reason to conclude that such notice was insufficient simply because it was mailed to Batinovich's counsel, as opposed to Batinovich himself. (See *In Re Morelli* (1970) 11 Cal.App.3d 819, 828 [noting that "once personal jurisdiction has been obtained the role of the order to show cause is chiefly to serve as a notice. [Citation.] It is, in that situation, sometimes considered the equivalent of a citation, not in the sense of a personal subpoena, but as a direction for an appearance … to answer the motion being put to the court. Service on the attorney is therefore appropriate"].) Further, the minute order from the subsequent hearing on March 14, 2023, where Batinovich was personally present, contains no indication that the court was cancelling the May 11 OSC or otherwise taking it off calendar. Although Batinovich is correct that the written order from the March 14, 2023 hearing—which confirmed that the May 11 OSC remained on calendar—was not mailed to him, he provides no authority, nor are we aware of any, that demonstrates that the December 8, 2022 notice was somehow defective, void, or invalidated as a result of the March 14 hearing.

Batinovich argues that the case of *Roman v. Usary Tire & Service Center,* 29 Cal.App.4th 1422 (*Roman*) is instructive in evaluating whether the notice of the OSC provided satisfied requirements for due process. In *Roman*, the trial court similarly set an "OSC Re Dismissal/ Sanctions" after plaintiff Roman's counsel did not reset an arbitration date as previously ordered. (*Roman*, *supra,* 29 Cal.App.4th at p. 1426.) Notice of the OSC

11

was served on Roman's counsel at the time, but neither Roman nor his counsel appeared at the OSC, resulting in the dismissal of the case. (*Ibid.*) Roman then filed a motion to set aside the dismissal pursuant to section 473, subdivision (b), on the grounds that his former counsel had left the firm after the most recent hearing, and due to inadvertence, his newly-assigned counsel had not arranged for someone to appear at the OSC. (*Roman, supra,* 29 Cal.App.4th at p. 1426.) The trial court denied the motion, and on appeal, the plaintiff claimed that the dismissal should be void due to defective notice. (*Ibid.*) Although the appellate court determined that the reasons for the dismissal were not valid, it found that the notice of the OSC for dismissal was satisfactory because it specifically expressed the possibility of dismissal, and the "the notice in the context of the action related back to the earlier notice and resulting order directing Roman to reset arbitration, providing sufficient notice of the possibility of dismissal to satisfy due process." (*Ibid.*) Moreover, because Roman had filed a motion to set aside the dismissal, the appellate court found that this motion afforded him an opportunity to demonstrate to the court that the action should not have been dismissed. (*Ibid.*)

Batinovich attempts to claim that unlike the appellant in *Roman*, he received no written notice of the May 11 OSC. However, this argument once again makes no reference to the written notice of the OSC mailed out on December 8, 2022, which—like the notice in *Roman*—stated that his failure to appear could result in dismissal of the case. Furthermore, as stated in *Roman*, by filing a motion for relief from the dismissal, Batinovich was given an opportunity to demonstrate to the court why dismissal was not appropriate, thus affording him due process. (See *Cordova v. Vons Grocery Co.* (1987) 196 Cal.App.3d 1526, 1531–1531 [finding that even though the trial court did not provide plaintiff with proper notice that it was initiating a motion to dismiss, due process was still satisfied because plaintiff filed a motion for reconsideration and was given an opportunity at that time to demonstrate why the case should not be dismissed].) As a result, we find substantial evidence in the

12

record to support the court's finding that Batinovich was provided sufficient notice regarding the May 11 OSC, and that failure to appear could result in a dismissal.

Second, the trial court was entitled to implicitly find that Batinovich was not credible in his assertion that it was a "surprise" to him that failing to appear could lead to a dismissal of the case on May 11, 2023. As discussed above, in its November 22, 2023 written order, the trial court found that Batinovich "was repeatedly given notice this case would be dismissed for failure to appear." In addition, the trial court noted that almost five years had passed since Batinovich filed his complaint, and Batinovich had done "very little" to move the case forward in that time. The court also pointed to Batinovich's failure to respond to discovery and found his claim that this failure resulted from his counsel's illness "rings hollow." Such credibility determinations by the trial court were appropriate in assessing whether Batinovich had met his burden to establish mistake, inadvertence, surprise, or excusable neglect justifying relief from the dismissal order. (See *Falahati v. Kondo* (2005) 127 Cal.App.4th 823, 828) ["It is the province of the trial court to determine the credibility of the declarants and to weigh the evidence"].)

In conclusion, for the foregoing reasons, we hold that the trial court did not abuse its discretion in finding that Batinovich did not demonstrate sufficient grounds for setting aside the dismissal under section 473, subdivision (b).

### III.   DISPOSITION

The trial court's order denying the motion to set aside the dismissal is affirmed.

13

_____
                        Wilson, J.

WE CONCUR:




_____
          Grover, Acting P. J.




_____
          Lie, J.




*Batinovich v. Wells Fargo Bank NA*
H051825