[No. B112529 Second Dist., Div. Three. Sept. 22, 1998.]

SAMY TLICHE, Plaintiff and Appellant, v.
CARL VAN QUATHEM et al., Defendants and Respondents.

Tony Forberg for Plaintiff and Appellant.

Meller & Floyd, Eric Meller and Harry E. Floyd for Defendants and Respondents.

## OPINION

**ALDRICH, J.—**

### INTRODUCTION

This appeal raises the issue of the trial court's authority and obligations regarding dismissal of a complaint for violation of local fast track rules. Plaintiff and appellant Samy Tliche doing business as Pirata Restaurant (Tliche) appeals from the order of dismissal of his complaint against defendants and respondent Carl Van Quathem, VQA Property Management, and Alca Properties (collectively Van Quathem).

Tliche contends the trial court erred in dismissing his complaint for violation of a local delay reduction rule requiring service of the summons and complaint on defendant within 60 days of filing the complaint and in denying his motion to vacate the order of dismissal.

We find the trial court failed to consider less drastic measures than dismissal as the first sanction (Gov. Code, § 68608, subd. (b)). Also, the trial court failed to take into account that service of process is ordinarily within the power of counsel as opposed to the client; therefore, in the absence of any information to the contrary, the sanction for failure to serve the complaint within the time period specified by the local delay reduction rule should, in the first instance, be levied against the attorney in the form of monetary sanctions and not against the client by dismissing the case. (Code Civ. Proc., § 575.2, subd. (b).)

Order of dismissal reversed.

### FACTUAL AND PROCEDURAL BACKGROUND

On December 21, 1995, Tliche filed a complaint against defendants for various causes of action arising from Tliche's lease of certain premises from defendants for restaurant use. Nineteen or more unsuccessful attempts were made to serve defendants through early February 1996.

On August 22, 1996, the trial court issued an order to show cause for failure to prosecute the case, citing Superior Court of Los Angeles Rules,

rule 7 et seq.[1], and Code of Civil Procedure sections 583.150, 583.360 and 583.420 and Government Code section 68608, subdivision (b). Thereafter, Tliche's counsel initiated renewed efforts to serve defendants and substituted service was eventually effected about October 5, 1996.

In the interim, at the September 23, 1996, hearing on the order to show cause, Tliche's counsel did not appear by 9:30 a.m., and the trial court ordered the case dismissed in its entirety.[2] A copy of the minute order stating the case was dismissed in its entirety was sent to Tliche's counsel on that same date.[3] The order did not specify any local rule or code section as authority for the dismissal.

On February 18, 1997, Tliche's counsel, apparently believing his nonappearance was the reason for the dismissal, filed a motion for an order vacating the dismissal and reinstating the complaint pursuant to Code of Civil Procedure section 473.[4] In support of the motion, Tliche's counsel submitted his declaration, corroborated by the declaration of his secretary, regarding the circumstances of his "mistake, inadvertence, surprise [and] neglect" which resulted in his nonappearance at the hearing on the order to

---

[1]Superior Court of Los Angeles County Rules, local rule 7.7 states: "(c) The failure to meet the deadline set forth in Subdivision (a) may result in the issuance of an Order to Show Cause why sanctions should not be imposed, including dismissal for failure to prosecute (Code of Civil Procedure Section 583.150 and Government Code Section 68608(b)) or, alternatively, why other action should not be taken. At the hearing on such OSC the Court may (1) impose such sanctions as authorized by law and (2) make further appropriate orders regarding the preparation of the case for trial. Failure to attend the hearing on such OSC may result in additional sanctions, including dismissal of the case (see Rule 7.13)."

Superior Court of Los Angeles County Rules, local rule 7.13 states: "The Court may impose appropriate sanctions for the failure or refusal (1) to comply with the Rules, (2) to comply with any order made hereunder or (3) to meet the time standards and/or deadlines established herein. Counsel are directed to Code of Civil Procedure sections 128, 128.5, 177.5, 575.2, 583.150, 583.430, 2016 through 2036, Government Code Section 68609(d), and Rule 227 of the California Rules of Court. Such sanctions may be imposed on a party and/or, if appropriate, on counsel for such party. While the court may impose sanctions for specified conduct, the court should do so sparingly and only when clearly warranted."

[2]Defendants filed a demurrer and motion to strike, scheduled for hearing on November 26, 1996. Upon notice of the dismissal, the motions were taken off calendar.

[3]The order states: "ORDER TO SHOW CAUSE RE: FAILURE TO PROSECUTE THE CASE; [¶] No appearance by 9:30 a.m. [¶] Case is dismissed in its entirety. [¶] IT IS SO ORDERED."

[4]Section 473, subdivision (b) in pertinent part, states: "Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect."

show cause and the dismissal of the complaint.[5] Defendants opposed the motion. In his reply to the opposition, Tliche's counsel argued defendants had avoided service for a number of months and submitted documentation of his efforts to serve defendants.

At the March 5, 1997, hearing, the trial court denied Tliche's motion to vacate the dismissal without prejudice, stating, "Although the counsel for plaintiff admits fault in his failure to appear at the hearing at which his clients' [sic.] case was dismissed, such failure to appear was not the cause of the dismissal. The case was dismissed because by the date of the hearing, 9/23/96, the case had been pending for more than 9 months and the defendant [sic.] had not been served. Local Rule 7.7 requires that the complaint be served within 60 days after it is filed. The moving papers also do not state grounds for discretionary relief for EXCUSABLE neglect because no attempt to serve the defendant after 2/11/96 is shown and no explanation is given for the unreasonable delay of almost 5 months between the date the case was dismissed and the date that the motion for relief under Code of Civil Procedure Section 473 was filed."

On March 28, 1997, Tliche filed a new motion for an order vacating the dismissal, this time supported by his declaration identical in substance to that supporting his first motion. At the April 29, 1997, hearing, the trial court took the matter off calendar on the grounds the motion had not been filed within six months of the date the case was dismissed and therefore the court lacked jurisdiction to rule on the motion.

On May 5, 1997, Tliche filed a timely notice of appeal.[6]

---

[5]In his declaration in support of the motion to vacate the dismissal and reinstate plaintiff's complaint, Attorney Forberg, apparently believing the reason for the dismissal was his nonappearance, detailed the circumstances of: his conflicting appearance in division 10 of the Compton Municipal Court at a preliminary hearing; his instructions to his assistant to telephone department 69, at 8:30 a.m. to explain he was going to be late; the assistant's two calls to department 69, and his own attorney admission of inadvertence, surprise and neglect.

[6]At oral argument the parties were invited to submit supplemental briefing on the issues of the timeliness of the appeal, as well as the applicability of Code of Civil Procedure section 575.2 and Government Code section 68608 to the issue of the propriety of the trial order of dismissal.

The record establishes that Tliche filed a timely notice of appeal from the trial court's order of March 5, 1997, denying his motion to vacate the order of dismissal. (Cal. Rules of Court, rule 2(a)(3); Code Civ. Proc., § 904.1; *Generale Bank Nederland* v. *Eyes of the Beholder Ltd.* (1998) 61 Cal.App.4th 1384, 1394 [72 Cal.Rptr.2d 188].)

## ISSUES[7]

What are the limitations on the trial court's power to prescribe the sanction of dismissal of an action for noncompliance with local delay reduction rules?

Is the sanction of dismissal for failure to serve subject to the time limits set forth in Code of Civil Procedure sections 583.410 and 583.420, subdivision (a)(1), two years after the action is commenced?

## DISCUSSION

### 1. *The Trial Court Delay Reduction Act.*

Article 5 of the Government Code, commencing with section 68600, was enacted in 1986 as a pilot project. Known as The Trial Court Delay Reduction Act (the Act), it drastically altered the management of civil cases in California. In 1990 the original act was repealed and the current, revised act, with statewide application effective July 1, 1992, was adopted.

The California Judicial Council (the Council), as the policy and rulemaking body for the courts, was directed by the Legislature to promulgate "standards of timely disposition" of civil and criminal actions. (Gov. Code, § 68603, subd. (a).) In establishing these standards the Council was to be ". . . guided by the principles that litigation, from commencement to resolution, should require only that time reasonably necessary for pleadings, discovery, preparation, and court events, and that any additional elapsed time is delay and should be eliminated." (*Ibid.*)

Following this mandate, the Council promulgated case disposition time standards. (Cal. Stds. Jud. Admin., § 2.1 et seq. [23 pt. 2, West's Ann. Court Rules (Appen.) (1996 ed.) p. 640]) Under these standards, general civil cases other than a small claims or unlawful detainer case are to be resolved as follows:

"(1) 90 percent disposed of within 12 months after filing;

---

[7]Tliche contends (1) a dismissal sanction for failure to prosecute pursuant to The Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.) is not appropriate if noncompliance is counsel's responsibility; (2) pursuant to Code of Civil Procedure section 473, the court shall vacate dismissal if accompanied by an attorney affidavit of fault; and (3) the court may not dismiss a case for delay in prosecution for a time period less than that specified in statute.

Van Quathem contends (1) the order of dismissal must be sustained because Tliche brought his motion for relief more than six months after the dismissal; (2) even if Tliche had filed a timely motion to vacate the dismissal, the mistake, inadvertence, surprise or neglect of his counsel was never properly pled; and (3) in the absence of an appropriate affidavit of attorney fault, the trial court had discretion to dismiss the action.

"(2) 98 percent disposed of within 18 months after filing;

"(3) 100 percent disposed of within 24 months after filing." (Cal. Stds. Jud. Admin., § 2.3(b).)

Under the Act, judges are to assume responsibility ". . . to eliminate delay in the progress and ultimate resolution of litigation, to assume and maintain control over the pace of litigation, to actively manage the processing of litigation from commencement to disposition, and to compel attorneys and litigants to prepare and resolve all litigation without delay, from the filing of the first document invoking court jurisdiction to final disposition of the action." (Gov. Code, § 68607.)

### 2. *Courts' Authority to Enact Local Rules and Impose Sanctions.*

The Legislature granted the courts express statutory power to adopt local rules "designed to expedite and facilitate the business of the court" (Code Civ. Proc., § 575.1)[8] in 1982. The Council is authorized to promulgate rules governing pretrial conferences in civil cases at issue. (Code Civ. Proc., § 575.)

With the legislative mandate to manage cases, the Legislature granted to the courts authority to impose sanctions for noncompliance with rules

---

[8]Section 575.1 states: "(a) The presiding judge of each superior, municipal, and justice court may prepare, with the assistance of appropriate committees of the court, proposed local rules designed to expedite and facilitate the business of the court. The rules need not be limited to those actions on the civil active list, but may provide for the supervision and judicial management of actions from the date they are filed. Rules prepared pursuant to this section shall be submitted for consideration to the judges of the court and, upon approval by a majority of the judges, the judges shall have the proposed rules published and submitted to the local bar and others, as specified by the Judicial Council, for consideration and recommendations. [¶] (b) After a majority of the judges have officially adopted the rules, 61 copies or a greater number as specified by Judicial Council rule, shall be filed with the Judicial Council as required by Section 68071 of the Government Code. The Judicial Council shall deposit a copy of each rule and amendment with each county law library or county clerk where it shall be made available for public examination. The local rules shall also be published for general distribution in accordance with rules adopted by the Judicial Council. Each court shall make its local rules available for inspection and copying in every location of the court that generally accepts filing of papers. The court may impose a reasonable charge for copying the rules and may impose a reasonable page limit on copying. The rules shall be accompanied by a notice indicating where a full set of the rules may be purchased. [¶] (c) If a judge of a court adopts a rule which applies solely to cases in that judge's courtroom, or a particular branch or district of a court adopts a rule that applies solely to cases in that particular branch or district of a court, the court shall publish these rules as part of the general publication of rules required by the California Rules of Court. The court shall organize the rules so that rules on a common subject, whether individual, branch, district, or courtwide appear sequentially. Individual judges' rules and branch and district rules are local rules of court for purposes of this section and for purposes of the adoption, publication, comment, and filing requirements set forth in the Judicial Council rules applicable to local court rules."

adopted to implement the Act. These include the power to dismiss actions or strike pleadings. (Gov. Code, § 68608, subd. (b).) However, in imposing the ultimate sanction of dismissal, judges are required to consider the history of the conduct of the case. Government Code section 68608, subdivision (b) provides: "Judges shall have all the powers to impose sanctions authorized by law, including the power to dismiss actions or strike pleadings, *if it appears that less severe sanctions would not be effective after taking into account the effect of previous sanctions or previous lack of compliance in the case.* Judges are encouraged to impose sanctions to achieve the purpose of this [Act]." (Italics added.)

Code of Civil Procedure section 575.2, subdivision (a) permits a court's local rules to prescribe sanctions, including dismissal of an action, for noncompliance with those rules. However, like Government Code section 68608, subdivision (b), there is an important limitation placed upon a judge's exercise of this power. This limitation is found in subdivision (b) of section 575.2 which provides: "It is the intent of the Legislature that if a failure to comply with these rules is the responsibility of counsel and not of the party, any penalty shall be imposed on counsel and shall not adversely affect the party's cause of action or defense thereto."

■ In *Garcia* v. *McCutchen* (1997) 16 Cal.4th 469 [66 Cal.Rptr.2d 319, 940 P.2d 906], the California Supreme Court concluded that, under governing statutes, a court may not dismiss an action for noncompliance with local court rules implementing the Act, if the noncompliance is the responsibility of counsel, not the litigant.

In harmonizing the Act with this provision of the Code of Civil Procedure, the Supreme Court explained, "Nothing in either the statutory language or the legislative history of the Act reflects a legislative intent to override section 575.2(b)'s limits on a court's sanctioning powers or to give courts expanded dismissal powers with respect to fast track rules. Instead, the words the Legislature chose reflect a contrary intent, i.e., to give courts only those sanctioning powers 'authorized by law.' (Gov. Code, § 68608(b).)"[9] (16 Cal.4th at pp. 481-482.)

Therefore, there are at least two limitations or restrictions on the trial court's power to dismiss an action for noncompliance with local rules: (1) dismissal is inappropriate if the noncompliance was the responsibility of

---

[9]That the principles stated in this decision, filed August 14, 1997, apply to the proceedings in the instant appeal is evident from the court's remark that ". . . granting a trial court power to dismiss an action where counsel alone is responsible for noncompliance with local rules would be a significant change in the law." (16 Cal.4th at p. 481.)

counsel alone, rather than the party (Code Civ. Proc., § 575.2, subd. (b); *Garcia* v. *McCutchen, supra,* 16 Cal.4th at p. 481); and (2) dismissal is appropriate only if less severe sanctions would be ineffective (Gov. Code, § 68608, subd. (b)).

3. *Application of Facts to the Law.*

In dismissing the action on September 23, 1996, the trial court did not state its reasons. The order signed by the court stated: "ORDER TO SHOW CAUSE RE: FAILURE TO PROSECUTE THE CASE; [¶] No appearance by 9:30 a.m. [¶] Case is dismissed in its entirety. [¶] IT IS SO ORDERED." However, at the March 5, 1997, hearing on Tliche's motion for an order vacating the dismissal, the trial court explained that it dismissed the action because the case had been pending for more than nine months and the defendants had not been served, in violation of Superior Court of Los Angeles County Rules, local rule 7.7, which requires the complaint be served within sixty days of its filing.

The act of service of the complaint when a party is represented by counsel is usually an act peculiarly within the control of counsel, and not the party. We recognize there may be cases where the party, not counsel, is the reason for nonservice, for example where the party has directed the attorney not to serve the complaint. The court might, in certain cases, infer client culpability where a previous sanction order or orders have not brought about compliance with the court's local rules.

However, in this case there is no evidence of prior sanctions against either the party or counsel nor is there evidence in the record that the client was in any way responsible for the delay in service of the complaint on the defendants. Under these circumstances, the order of dismissal must be reversed. It was premature and unauthorized as the trial court failed to apply statutorily mandated principles.

4. *The Time Limitations of Code of Civil Procedure section 583.410 et seq.*

Citing *Roman* v. *Usary Tire & Service Center* (1994) 29 Cal.App.4th 1422 [35 Cal.Rptr.2d 329], Tliche contends the time limitations specified in the Code of Civil Procedure proscribe the trial court's authority to dismiss an action for delay in prosecution under delay reduction rules. Accordingly, Tliche argues, the case may not be dismissed unless service is delayed for more than two years.

In *Roman* v. *Usary Tire & Service Center, supra,* 29 Cal.App.4th 1422, this division does not address dismissal pursuant to fast track rules. In *Roman,*

the trial court dismissed the action one year and eleven months after the complaint was filed, pursuant to Code of Civil Procedure section 583.410, subdivision (a), a provision in article 4 of chapter 1.5 of title 8 of the code (Code Civ. Proc., §§ 583.410-583.430, "Discretionary Dismissal for Delay"). The Court of Appeal reversed the order of dismissal, holding the trial court lacked authority to dismiss this case pursuant to Code of Civil Procedure section 583.410, subdivision (a), because that provision is expressly subject to the time limitations specified in section 583.420. Section 583.420 provides, in relevant part: "(a) The court may not dismiss an action *pursuant to this article* for delay in prosecution except after one of the following conditions has occurred: [¶] (1) Service is not made within two years after the action is commenced against the defendant." (Italics added.) (*Roman, supra,* 29 Cal.App.4th at pp. 1430-1431.) The decision in *Roman* has no relevance to the trial court's authority pursuant to fast track rules.

That this is so is further made clear by Code of Civil Procedure section 583.150, which provides that the entire chapter (Chapter 1.5) ". . . does not limit or affect the authority of a court to dismiss an action or impose other sanctions under a rule adopted by the court pursuant to Section 575.1 or by the Judicial Council pursuant to statute, or otherwise under inherent authority of the court." The fast track rules are such rules.

Therefore, there is no prohibition against a local court, by local rule, providing for dismissal of an action if the summons and complaint have not been served within 60 days provided: (1) the failure to serve is the fault of the client and not the attorney and (2) less severe sanctions have not been effective.

5. *The Motions to Vacate the Order of Dismissal.*

In light of our finding that the initial order of dismissal was invalid, the propriety of the trial court's rulings on Tliche's subsequent motions to vacate the order of dismissal is no longer pertinent. In his first motion pursuant to Code of Civil Procedure section 473, Tliche's counsel mistakenly focused on his failure to appear, not on his failure to serve[10] (see, e.g., *Rogalski* v. *Nabers Cadillac* (1992) 11 Cal.App.4th 816, 821 [14 Cal.Rptr.2d 286]), and then delayed so that his second motion to vacate the order of dismissal was untimely and beyond the jurisdiction of the court. (*Northridge Financial Corp.* v. *Hamblin* (1975) 48 Cal.App.3d 819, 825 [122 Cal.Rptr. 109].) Tliche, the client, should not lose his action through the trial court's

---

[10]An understandable mistake since the trial court's order did not cite either local rule or statutory authority for the dismissal and the order implied the case was dismissed because there was "[n]o appearance by 9:30 a.m."

error in ordering dismissal, which error was compounded by Tliche's own counsel's failure to challenge the order effectively.

## DISPOSITION

Order of dismissal reversed. The case is remanded to the trial court with directions to vacate the order of dismissal and to reconsider the imposition of sanctions for the violation of the local delay reduction rule regarding the failure to serve the summons and complaint within 60 days. Tliche's counsel is to bear costs of appeal.

Croskey, Acting P. J., and Goodman, J.,* concurred.

---

*Judge of the Municipal Court for the Culver Judicial District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.