Filed 3/24/14  Caravayo v. Covert CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MITCHELL ANDREW CARAVAYO,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>JENNIFER COVERT,<br><br>Defendant and Respondent. | F066458<br><br>(Super. Ct. No. CV-275425)<br><br><br>**OPINION** |

APPEAL from an order of the Superior Court of Kern County.  Sidney P. Chapin, Judge.

Mitchell Andrew Caravayo, in propria persona, for Plaintiff and Appellant.

No appearance for Respondent.

-ooOoo-

Plaintiff Mitchell A. Caravayo appeals from an order dismissing his case for failure to serve the defendant with summons and a copy of the complaint within the time required by the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.) and California Rules of Court, rule 3.110(b) & (f).  After reviewing the record of the proceedings, we conclude that it was within the trial court's discretion to dismiss

Caravayo's action, but it was error to dismiss *with prejudice*. We vacate the dismissal and remand for entry of an order of dismissal without prejudice.

## BACKGROUND

On November 17, 2011, Caravayo, a state prison inmate acting as his own attorney, filed a complaint for damages. The only defendant named in the caption is "Jennifer Covert, RN"; no Doe defendants are named. The first three pages of the complaint are typewritten; immediately underneath the caption is the heading "General Allegations," under which are three sections with separate headings.

In the first section, labeled "Introduction," Caravayo alleges the complaint arises from the defendant's "intentional and general negligent act(s) or omission(s) . . . during [plaintiff's] confinement in the California Department of Corrections and Rehabilitations ("CDCR"), at Kern Valley State Prison ("KVSP"), . . . [,]" lists the issues to be decided, and recites the duties of registered nurses. In the next section, labeled "Parties," Caravayo alleges that "Defendant Jennifer Covert, Registered Nurse is, and at all relevant times herein was employed by the CDCR as a registered nurse at KVSP"; he "is informed and believes" that "defendant J. Covert is a properly trained and licensed registered nurse" responsible for the medical care of all prisoners at KVSP; and at all times, Covert "acted under color of State law, in the course and scope of her employment, and is being sued in her individual and official capacity(s)." In the last section, labeled "Exhaustion of Administrative Remedies," Caravayo alleges he exhausted his administrative remedies as required by statute. Caravayo's signature appears at the end of the third page.

Attached to the three-page typewritten complaint is an eight-page Judicial Council form complaint, PLD-PI. The form complaint names "Jennifer Covert, RN" as the only defendant, with no Doe defendants named. In paragraph 5, which states that "[e]ach defendant named above is a natural person[,]" the box under a.(4) is checked, which states that "J. Covert, RN" is "a public entity (*describe*) Registered Nurse @ KVSP employed by CDCR." The form complaint alleges two causes of action – general

negligence (medical malpractice) and intentional tort (civil battery) – arising from Covert's act of giving him a hepatitis-C injection, which he asserts caused him nerve damage and pain. A number of exhibits pertaining to his administrative appeal follow the form complaint.

On December 15, 2011, the trial court issued a notice of order to show cause, which ordered Caravayo to appear on March 1, 2012, "to give any legal reason why sanctions shall not be imposed for failure to serve the complaint on all named defendants and file proof(s) of service with the court within sixty (60) days after the filing of the complaint pursuant to California Rules of Court, rule 3.110." Caravayo was also notified that a case management conference was set for May 15, 2012.

In a letter to the court clerk filed on January 13, 2012,[1] Caravayo stated he had not received the file stamped copy of his complaint and therefore could not serve the "defendants." On February 6 the trial court directed the clerk to make a copy of the entire case file for Caravayo. The court also ordered Caravayo to prepare and submit a proposed summons for issuance by the clerk's office and, once the summons issued, to contact the sheriff's civil office for assistance with completing service of the summons and complaint.

The court received an original and one copy of Caravayo's proposed summons on February 16. Caravayo asked the clerk to process the summons and return it to him. On February 17, he filed an application for an order extending time to effect personal service on "defendant Jennifer Covert, RN[,]" as well as a "return to show cause order." In a declaration, Caravayo said he needed an additional 60 days to serve the complaint and file a proof of service since he did not receive the file stamped copy of the complaint until February 9 and he had to work with the Kern County Sheriff to effect personal

---

[1] Unless otherwise stated, all references to dates are to the year 2012.

3.

service. Caravayo appeared telephonically at the March 1 hearing on the order to show cause, which the trial court continued to April 30.

On March 5, the court issued and filed the summons, which listed "Jennifer Covert, RN" as the defendant. In the boxes at the bottom of the summons which state in what capacity the person is being served, two boxes were checked, box one, that Covert was being served as an individual defendant, and box 3, that she was being served on behalf of "[t]he CDCR, CCP, § 416.50 (Public Entity)."

On March 26, the court clerk received a letter from Caravayo, in which he explained he was returning the summons because it was not issued under the seal of the court, as the clerk failed to affix the court's seal as required by Code of Civil Procedure sections 153, subdivision (b) and 412.20, subdivision (a). Caravayo asked the clerk to affix the seal and return the summons to him. Caravayo also filed an ex parte motion to correct the defective summons.

On April 27, Caravayo filed a return to the show cause order, in which he argued the imposition of sanctions for failing to personally serve the defendant was unjust because he had not yet received the valid summons. Caravayo asked the court to order the clerk to reissue a valid summons and extend the time to effect personal service on "defendant Jennifer Covert, RN." Caravayo appeared telephonically at the April 30 hearing. The court continued both the hearing on the order to show cause, and the case management conference set for May 15, to June 29.

On June 7, the court filed a letter from Caravayo in which he stated his address had changed because the CDCR had reassigned him from Ironwood State Prison to KVSP. On June 14, Caravayo filed a case management statement in which he stated the defendant had not been served because the clerk issued a "facially defective summons where the seal of the court was not affixed" on March 5, and a valid summons had not been issued. On June 29, Caravayo filed a return to the show cause order, in which he argued sanctions should not be imposed because he did not receive the corrected

4.

summons until June 8, when CDCR staff, who had opened the mail containing the summons by mistake, delivered it to him.

Caravayo appeared at the June 29 hearing on the order to show cause by telephone. Caravayo confirmed that he received a copy of the summons bearing the court's seal. The trial court continued the order to show cause hearing to August 28 and the case management conference to September 27. The court authorized telephone appearances for Caravayo at both hearings, and ordered the civil fast track clerk to notify court call regarding this authorization. The clerk did so and notified the KVSP litigation coordinator about the order to appear.

On August 8, Caravayo filed objections that he said "arise from a change in circumstances" related to his case management statement filed on June 14 and heard on June 29. Caravayo complained about the failure of prison officials to deliver the summons to him for 74 days, and stated he did not mail his summons and complaint to the Kern County Sheriff between June 8 and June 29 because he was afraid prison officials would open his mail and arbitrarily obstruct or destroy it. Caravayo asked the court to read his objections into the record and rule on them as soon as possible.

Caravayo's return to the show cause order was filed on August 17, in which he argued that sanctions should not be imposed because he had asked the Kern County Sheriff to serve the complaint, but they refused. Caravayo declared that on July 11, he submitted his summons and complaint to the Kern County Sheriff to effect personal service on defendant Jennifer Covert, RN; on July 23, the sheriff returned the summons and complaint to him, asserting technical irregularities; on August 1, he resubmitted the summons and complaint to the sheriff stating that any technical irregularity was not the sheriff's concern, and absolved the sheriff from liability in the execution of process or return; and as of August 11, the sheriff had not returned either the summons and complaint, or the proof of service.

5.

Caravayo attached the document he received from the sheriff's office. The "Notice of Action Taken" states that they were unable to process his request because: (1) only one of the three boxes at the bottom of the summons should be marked; (2) he needed to submit a copy of the documents for the sheriff's file; (3) he must "[r]etain one of the complaints. If the PLD form is submitted it will need to be filed with the court first"; and (4) "[t]he instructions need to state the name of all the documents to be served and the last date for service."

At the August 28 hearing on the order to show cause, at which Caravayo appeared telephonically, the trial court denied his proposed order on the objections and continued the hearing to September 27, to be held concurrently with the case management conference. The court authorized a telephonic appearance for Caravayo on that date. The court instructed Caravayo to submit the documents returned from the sheriff's office, including the letter of instruction regarding the inability to serve the summons and complaint, to the court for its review.

Caravayo did so on September 10. Caravayo informed the court that the sheriff refused to serve the complaint unless there was a file stamp affixed to the face of the "optional" judicial council form complaint, even though his papers had been filed with the court. Included in the submitted documents was a July 12 letter from Caravayo to the Kern County Sheriff, in which Caravayo stated he had enclosed copies of his "PIC, summons & copy of the fee waiver, and other associated documents"; asked the sheriff to serve Jennifer Covert, RN at her last known place of business at KVSP; and stated it was personal service, only Covert was to be served, and substitute service was not authorized.

Caravayo also included his August 1 letter to the sheriff, in which he asserted the reasons given for refusing to serve the documents were "meritless" as the Lassen County Sheriff had served an identical summons without any difficulties. Caravayo explained the defendant was being sued in both her individual and official capacities, therefore she was being served on behalf of a public entity, and service of process was dual. Caravayo

also explained that the judicial council form complaint was part of the entire complaint, which the court accepted for filing. Caravayo asserted that any technical irregularities was for the court, not the sheriff's office, to decide. Caravayo questioned why the sheriff's office needed a copy of the summons and complaint, as he was not litigating against them, and asserted the additional documents were ancillary to the complaint and "of no concern to the Sheriff." Caravayo excused the sheriff from liability in the service of the court's process and stated he would subpoena the sheriff if they continued to assert "nonexistent technical irregularities of no concern to the Sheriff." Caravayo asked the sheriff to execute personal service of the summons and complaint on the defendant as soon as possible.

On August 22, the sheriff's office returned the documents to Caravayo, stating they were unable to process the request. The "Notice of Action Taken" explained that while they could accept the "notice to person served" on the summons as marked and did not need a "file copy due to you stated you do not want the documents subserved[,]" (1) pursuant to Code of Civil Procedure section 411.10, they needed "only one complaint and it must be filed with the court," (2) pursuant to Code of Civil Procedure section 262 and "proof of service Judicial form your instructions must state the name of the documents to be served," and (3) they would not have a "time limit for service for a Summons unless you specify a last date for service."

On September 20, Caravayo filed a case management statement in which he stated that he had not served the defendant because the sheriff first returned the papers "asserting nonexistent technical irregularities"; he had resubmitted the summons and complaint "refuting the technical irregularities asserted" as they do not affect the substantive rights of the parties or the sheriff; and the sheriff returned the summons and complaint a second time conceding the summons was issued by valid authority but his "optional use" of the judicial council form needed to be filed even though the complaint had been filed since November 17, 2011. Caravayo claimed the sheriff did not have

standing to assert technical irregularities that do not affect the substantial rights of the parties or the sheriff, and the sheriff could only refuse to serve the documents if the court clearly did not have jurisdiction.

Caravayo did not appear at the September 27 hearing on the order to show cause. The court took the matter under submission and stated it would review the documents regarding service. The case management conference was to be set pending the ruling on the order to show cause. On October 18, the court received a "Ltr of Concern" from Caravayo, in which he explained he did not appear at the September 27 hearing because prison staff at KVSP did not provide him with his Court Call appearance. Caravayo asked the court to reschedule the hearing.

On November 8, the court issued a minute order dismissing the action with prejudice. The court explained its ruling as follows: "The plaintiff has created ambiguous and confusing forms of pleadings, i.e. attaching together a non form complaint and form complaint without separate endorsements. Either complaint only names a single defendant, Covert, individually. There is no other defendant, including Doe defendants, named as a party for whom Covert would be an authorized agent for service of process. The plaintiff insists on arguing with the civil division of the Sheriff's Office and the court clerk concerning the processing of his confusing papers which do not conform to the California Rules of Court, nor the pleading or process statutes. It has now been almost twelve (12) months since plaintiff filed his action, far exceeding the allowable time for service of properly conforming, appropriate papers on the defendant." The court further stated that the case management conference would not be reset. An order dismissing the action with prejudice was filed on November 12.

## DISCUSSION

In this appeal, Caravayo challenges the trial court's dismissal of his case with prejudice. The California Supreme Court has instructed that an order dismissing an action is presumed correct, and may not be reversed on appeal unless the appellant meets

his or her burden of showing that the trial court abused its discretion. (*Howard v. Thrifty Drug & Discount Stores* (1995) 10 Cal.4th 424, 443.)[2]

The trial court acted within its discretion in imposing a sanction of dismissal. Government Code section 68608, subdivision (b)[3] permits a trial judge to dismiss an action for failure to comply with provisions of the Trial Delay Reduction Act "if it appears that less severe sanctions would not be effective after taking into account the effect of previous sanctions or previous lack of compliance in the case." As suggested by that language, in deciding whether to impose the sanction of dismissal, "judges are required to consider the history of the conduct of the case." (*Tliche v. Van Quathem* (1998) 66 Cal.App.4th 1054, 1061.) Dismissal of an action is appropriate only if less severe sanctions would be ineffective. (*Id.* at pp. 1061-1062.)

The trial court dismissed Caravayo's personal injury action because he failed to timely serve his complaint in compliance with California Rules of Court, rule 3.110(b),[4] which provides that a "complaint must be served on all named defendants and proofs of service on those defendants must be filed with the court within 60 days after the filing of the complaint." Since Caravayo is self-represented, it was his responsibility to timely serve his complaint in compliance with rule 3.110. Therefore, dismissal of his action for noncompliance with that rule is appropriate unless less severe sanctions would have been effective.

---

[2] There was no respondent's brief filed in this case. Even in the absence of a respondent's brief, however, an appellant has the burden of showing reversible error. (See *County of Lake v. Antoni* (1993) 18 Cal.App.4th 1102, 1104; Cal. Rules of Court, rule 8.220(a)(2).)

[3] Subsequent statutory references are to the Government Code unless otherwise noted.

[4] Subsequent references to rules are to the California Rules of Court.

The record reflects that lesser sanctions would not have been effective in this case. Although there were delays in service that were not Caravayo's fault, such as the court's initial failure to issue a summons with a seal and the prison's delay in delivering the corrected summons to him, once Caravayo received the correct summons, the trial court gave him an additional 60 days to serve the defendant. During that time, Caravayo submitted the summons and complaint to the sheriff for personal service, but the sheriff was unable to attempt service until Caravayo corrected the summons to reflect the capacity in which the defendant was being served, to submit a copy of the documents for the sheriff's file, to list the name of all the documents to be served and the deadline for completion of service, and to submit only one complaint for filing – either the non-form complaint or the judicial council form complaint – and if the judicial council form complaint was to be served, to obtain a file stamp thereon.

Instead of attempting to correct the deficiencies pointed out, Caravayo returned the documents to the sheriff for service, telling the sheriff to accept the summons for service without question, refusing to provide a copy of the complaint or to list the documents to be served, and explaining that the complaint was comprised of both the non-form complaint and the judicial council form complaint, both of which had been filed with the court. While the sheriff thereafter was willing to serve the summons as marked and agreed it did not need a file copy of the complaint, it still insisted on being given only one complaint, a list of the documents to be served, and a time limit for service. Again, instead of supplying the information and attempting to correct the complaint, Caravayo asserted the sheriff had no standing to raise these "technical irregularities."

Based on Caravayo's refusal to provide the sheriff with the information needed to effect service, the court reasonably could have concluded that a sanction less than termination of the action would not have been effective in compelling Caravayo to comply with the rules for service. Caravayo complains that he did not have notice and an opportunity to be heard before his case was dismissed. But the trial court issued an order

10.

to show cause why sanctions should not be imposed for Caravayo's failure to serve the defendant in December 2011. The order to show cause hearing was continued four times. After each continuance, Caravayo was provided with notice that the next hearing was a continuation of the order to show cause, and at each continued hearing, he was provided with the opportunity to be heard. The case ultimately was dismissed, not because Caravayo failed to appear at the final order to show cause hearing on September 27, but because he failed to serve the complaint within 60 days of its filing.

Caravayo asserts he could not furnish an adequate appellate record because he is unable to pay the required fees for reporter's transcripts, claiming a miscarriage of justice. An indigent litigant is not entitled to a waiver of reporter's transcript costs on appeal. (*City of Rohnert Park v. Superior Court* (1983) 146 Cal.App.3d 420, 430-431.) Neither this court nor the trial court could grant him a waiver of reporter's fees. (See Rules 3.55, 3.56, 8.26; Judicial Council Forms, form APP-015/FW-015 INFO, Information Sheet on Waiver of Appellate Court Fees (Supreme Court, Court of Appeal, Appellate Division).) Reimbursement of such fees may only be obtained in accordance with Business and Professions Code, section 8030.2 et seq.

We have reviewed Caravayo's remaining arguments that dismissal is precluded as a matter of law, including that the trial court should have liberally construed the pleadings, allowed him to amend the complaint, directed the court clerk to correct what he describes as a "clerical error," or should not have accepted the complaint for filing. We conclude those arguments are uniformly without merit.

We note that Caravayo may not avoid compliance with the rules of civil procedure because he is a self-represented inmate. The California Supreme Court has instructed that "mere self-representation is not a ground for exceptionally lenient treatment." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984.) "Except when a particular rule provides otherwise, the rules of civil procedure must apply equally to parties represented by counsel and those who forgo attorney representation." (*Id.* at pp. 984-985.)

11.

Nonetheless, we agree with Caravayo that the trial court erred in dismissing the lawsuit with prejudice. Although section 68608 permits a trial judge to dismiss an action for failure to comply with provisions of the Trial Delay Reduction Act, dismissal *with prejudice* is only to be imposed as a last resort. "'In the absence of express statutory authority, a trial court may, under certain circumstances, invoke its limited, inherent, discretionary power to dismiss claims with prejudice.' [Citation.] However, this inherent power to dismiss with prejudice is circumscribed. [Citation.] In order to determine whether a plaintiff's actions warrant a dismissal of a claim with prejudice, a court must first 'discern whether the plaintiff's pattern of conduct was so "severe [and] deliberate" as to constitute extreme circumstances.' [Citation.] Second, a court must 'look to see whether alternatives less severe than dismissal are available.' [Citation.] 'The "'sound exercise of discretion requires the judge to consider and use lesser sanctions'" unless the court's authority cannot possibly be otherwise vindicated.'" (*People v. Lockwood* (1998) 66 Cal.App.4th 222, 229-230.) Ordinarily, the sanction of dismissal with prejudice for failure to effect service is imposed only after two years have elapsed without service. (Code Civ. Proc., § 583.420, subd. (a); see *Lyons v. Wickhorst* (1986) 42 Cal.3d 911, 915.)

The trial court's dismissal of Caravayo's action with prejudice was the first sanction imposed for his failure to effect service of process. There was no reason to conclude that the lesser sanction of dismissal without prejudice would have been insufficient to accomplish the court's purpose and "vindicate" "the court's authority." Accordingly, we conclude it was an abuse of discretion to dismiss Caravayo's action with prejudice and remand for the limited purpose of entry of an order of dismissal without prejudice.

**DISPOSITION**

The trial court's dismissal order of November 12, 2012 is vacated and the matter remanded for entry of an order dismissing Caravayo's action without prejudice.

_____
Gomes, J.

WE CONCUR:


_____
Cornell, Acting P.J.


_____
Peña, J.