Filed 3/24/14  Uwadiale v. Makiyama CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

GRACE UWADIALE,

    Plaintiff and Appellant,                    A137521

    v.                                         (Contra Costa County
                                             Super. Ct. No. MSC0903497)

TODD MAKIYAMA,

    Defendant and Respondent.

_____/

The trial court dismissed plaintiff Grace Uwadiale's dental malpractice action against Todd Makiyama, DDS, because plaintiff and her attorney, Alfred O. Anyia, did not attend the pretrial issue conference and failed to file pretrial documents in violation of Contra Costa Superior Court, Local Rules, rule 5.  The court denied plaintiff's motion to set aside the dismissal pursuant to Code of Civil Procedure section 473, subdivision (b).[1]  Plaintiff appeals.  She contends the court erred by dismissing her lawsuit "without an opportunity to be heard" and abused its discretion by denying her motion to set aside the dismissal under section 473, subdivision (b) (section 473(b)).

---

[1]     Unless otherwise noted, all further statutory references are to the Code of Civil Procedure.  All "local rule" references are to the Contra Costa Superior Court, Local Rules.

1

We conclude the court erred by dismissing plaintiff's action because: (1) Anyia, not plaintiff, was responsible for the local rules violation; (2) there was no evidence less severe sanctions would be ineffective; and (3) plaintiff did not receive notice and an opportunity to be heard before the court dismissed the case. (§ 575.2; Gov. Code, § 68606.) We also conclude the court erred by denying plaintiff's section 473(b) motion to set aside the dismissal.

We reverse the orders dismissing the action and denying plaintiff's motion to set aside the dismissal. We remand to the trial court to vacate the orders and, in its discretion, to hold a hearing on the possible imposition of sanctions other than terminating sanctions for plaintiff's counsel's failure to comply with the local rules.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff sued Dr. Makiyama for dental malpractice and sought compensatory damages. Plaintiff amended the complaint. The court set a February 2012 trial date and plaintiff's then counsel filed an issue conference statement. At the issue conference, however, plaintiff appeared in propria persona and moved to continue trial. The court granted plaintiff's request, gave her 60 days to obtain new counsel, and scheduled a trial setting conference for April 18, 2012.

Plaintiff retained attorney Anyia shortly before the trial setting conference. Anyia's colleague attended the trial setting conference, where the court ordered the parties to mediate and set an August 9, 2012 issue conference and an August 20, 2012 trial date. The court's minute order provided, "All counsel, parties, claims representatives and persons with settlement authority must appear at the issue conference."

Mediation did not resolve the dispute. Before the issue conference, Dr. Makiyama filed and served pretrial documents in compliance with local rule 5K.[2] Plaintiff did not

---

[2] Local rule 5 requires trial counsel, "all principles or clients and claims representatives with settlement authority" to attend an issue conference 14 days before the trial date. That rule also requires the parties to file issue conference statements, motions in limine, a settlement statement, and jury questionnaires before the conference.

file any documents required by local rule 5 and neither she nor her attorney attended the issue conference. At the unreported conference, defense counsel "orally move[d]" to "dismiss this case with prejudice for failure to appear [at] this date and for failing to file pertinent documents as per the code." The court granted the motion, vacated the trial date, dismissed the case with prejudice, and awarded costs to Dr. Makiyama. In its written order, the court "noted that Plaintiff did not comply" with local rule 5 "in that neither Plaintiff nor her trial counsel appeared at the Issue Conference and neither Plaintiff nor her counsel filed any of the requisite pre-trial documents[.]"

Shortly thereafter, plaintiff moved to set aside the dismissal pursuant to section 473(b), claiming her "counsel inadvertently did not take cognizance of [the] issue conference date and as such did not calendar the date for a hearing[.]" In her memorandum of points and authorities, plaintiff argued she "should not be made to pay for the mistake of her lawyer who was at fault in not informing [her] of the hearing and who also did not appear for the hearing." Plaintiff also argued relief was mandatory pursuant to section 473(b)(1) and that granting the motion would not prejudice Dr. Makiyama.

In a declaration in support of the motion, Anyia averred his colleague attended the April 18, 2012 trial setting conference, where the court set the date for the issue conference. Anyia testified, "I believe [the colleague] informed me of such issue conference hearing date. However, due to the fact that this case was previously set for trial and the fact that I had not familiarized myself with the local Rules of court, I inadvertently zeroed in on the trial date (which I was preparing for) and failed to calendar the issue conference hearing date in this case." Anyia further averred he asked defense counsel after the mediation whether "there was any other hearing set in this case apart from the trial date" and counsel "responded in the negative." Anyia stated his "failure

_____

(See local rule 5K(1)-(4).) Local rule 25 provides, a "violation of these rules may result in sanctions and penalties including but not limited to dropping a matter from the calendar, vacating a trial date, dismissal for lack of prosecution, imposition of a fine or . . . costs payable to the Court, actual expenses and counsel fees, witness fees and jury fees arising as a result of such violation payable to opposing counsel."

3

and Plaintiff's failure to appear at the issue conference hearing . . . was not meant to flaunt or ignore the jurisdiction of this court but was due to the aforementioned mistake and inadvertence on my part in not properly calendaring the future dates in this case given to [his colleague][.]" Finally, Anyia stated granting the motion would not prejudice Dr. Makiyama. Anyia attached an issue conference statement, a statement of the case, and a trial brief, to his declaration.

In opposition, Dr. Makiyama argued plaintiff's failure to appear at the issue conference was not excusable mistake, inadvertence, surprise, or neglect because Anyia had actual notice of the issue conference based on his receipt of Dr. Makiyama's pretrial documents before the issue conference. According to Dr. Makiyama, "this was not the first time Mr. Anyia has had a case dismissed due to his failure to meet pre-trial deadlines. Mr. Anyia was the attorney of record for the plaintiffs" in a Los Angeles County Superior Court case dismissed in 2009 "'because pre-trial deadlines were not met.'" Dr. Makiyama also argued plaintiff was aware of the issue conference because she appeared in propria persona at a previous issue conference. Finally, Dr. Makiyama claimed granting the motion would prejudice him.

At a hearing, plaintiff's counsel admitted "fault" and "responsibility" for failing to attend the issue conference with his client. He explained he "did not calendar" the hearing "because [he] was not the attorney that attended the hearing." He explained, "I don't believe responsibility should be passed on to my client to suffer the effects of not having her day in court." Counsel also argued he had "no opportunity to be heard" on the motion to dismiss, noting "it's mandatory that the dismissal [be] set aside where the moving party has no opportunity to be heard [ ] when there's a motion to dismiss[.]"

Following the hearing, the court denied the motion. The written ruling does not specify the grounds for denying the motion.[3]

---

[3] The court's written ruling states, "the tentative ruling is affirmed, the Motion is denied." The tentative ruling is not part of the record on appeal. Based on the court's comments at the hearing before taking the matter under submission, the court may have believed plaintiff was not entitled to discretionary relief under section 473(b), because

4

DISCUSSION

We review the court's dismissal of plaintiff's lawsuit for the local rules violation and the court's denial of plaintiff's motion to set aside the dismissal for abuse of discretion. (*In re Woodham* (2001) 95 Cal.App.4th 438, 443; *Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257.) We analyze the court's dismissal of plaintiff's complaint first. Then we analyze the court's denial of plaintiff's section 473(b) motion to set aside the dismissal.

I.

*The Court Erred by Dismissing the Complaint With Prejudice*
*for Plaintiff's Counsel's Violation of Local Rules*

The trial court has authority to impose sanctions — including dismissal — for noncompliance with its local rules. (*Tliche v. Van Quathem* (1998) 66 Cal.App.4th 1054, 1061 (*Tliche*); see Gov. Code, §§ 68608, subd. (b), § 575.2.) Government Code section 68608, subdivision (b) provides in relevant part: "Judges shall have all the powers to impose sanctions authorized by law, including the power to dismiss actions or strike pleadings, if it appears that less severe sanctions would not be effective after taking into account the effect of previous sanctions or previous lack of compliance in the case."

Similarly, section 575.2, subdivision (a) "permits a court's local rules to prescribe sanctions, including dismissal of an action, for noncompliance with those rules." (*Tliche, supra,* 66 Cal.App.4th at p. 1061.) It provides in relevant part: "Local rules promulgated pursuant to Section 575.1 may provide that if any counsel, [or] a party represented by counsel . . . fails to comply with any of the requirements thereof, the court on motion of a party or on its own motion may . . . dismiss the action or proceeding or any part thereof[.] . . . No penalty may be imposed under this section without prior notice to, and an opportunity to be heard by, the party against whom the penalty is sought to be imposed." Section 575.2, subdivision (b) provides, "[i]t is the intent of the Legislature that if a failure to comply with these rules is the responsibility of counsel and not of the party, any

---

Anyia's reason for missing the hearing and failing to file pretrial documents was not "the equivalent of the excusable neglect contemplated by" that statute.

penalty shall be imposed on counsel and shall not adversely affect the party's cause of action or defense thereto."

As Government Code section 68608 and section 575.2 make clear, the trial court's power to dismiss an action for noncompliance with local rules has limits. (*Tliche, supra,* 66 Cal.App.4th at p. 1061.) Dismissal pursuant to Government Code section 68608 and section 575.2 is appropriate only where: (1) noncompliance was the responsibility of counsel alone, rather than the party (§ 575.2, subd. (b)); (2) less severe sanctions would be ineffective (Gov. Code, § 68608, subd. (b)); and (3) the party against whom dismissal is sought received adequate notice and an opportunity to be heard before the imposition of sanctions (§ 575.2, subd. (a)). This is so because — notwithstanding the goal of delay reduction in the Trial Court Delay Reduction Act — "'the policy of expeditious processing of civil cases'" does not "'override, in all situations, the trial court's obligation to hear cases on the merits.'" (*Garcia v. McCutchen* (1997) 16 Cal.4th 469, 480 (*Garcia*), citations omitted; see also *Estate of Meeker* (1993) 13 Cal.App.4th 1099, 1106 (*Meeker*) ["all of us are here to serve the public and that this cannot be done when judges are inundated with fast-track statistics and cheerleader attitudes about case disposition numbers which never seem to take into account the rights of the parties"].) "Preventing parties from presenting their cases on the merits is a drastic measure[.]" (*Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795 (*Wantuch*).) "Courts have numerous other methods for maintaining control of their calendars[,]" including, among other things, holding the offending attorney in contempt and issuing monetary sanctions. (*Garcia, supra,* 16 Cal.4th at p. 480.)

We conclude the court erred in dismissing plaintiff's action for three reasons. First, under section 575.2, subdivision (b), "'any penalty' arising from the dereliction of counsel, as distinct from a client, must be visited only on counsel." (*Franklin Capital Corp. v. Wilson* (2007) 148 Cal.App.4th 187, 212, fn. omitted (*Franklin*).) Here, the record is devoid of evidence that plaintiff "was in any way responsible" for the local rules violation. (*Tliche, supra,* 66 Cal.App.4th at p. 1062 [reversing dismissal for failure to serve the complaint where there was no evidence "the client was in any way responsible

6

for the delay in service of the complaint on the defendants"]; *Franklin, supra,* 148 Cal.App.4th at pp. 212-213 ["record contains absolutely no indication that [the client] is implicated in any of its trial attorney's failures to attend various court hearings or pay sanctions"].)

To the contrary, the evidence demonstrates plaintiff's attorney — *not plaintiff* — was responsible for the violation of the local rules. As discussed above, Anyia submitted a declaration in support of the section 473(b) motion admitting he was not familiar with the local rules and failed to calendar the issue conference. At the hearing on the motion to set aside the dismissal, Anyia repeatedly admitted it was his "fault" and his "responsibility" for failing to attend the issue conference with his client. He argued "responsibility should [not] be passed on to [plaintiff] to suffer the effects" of his failure to calendar the issue conference date and file the documents required by local rule 5.[4]

Because "[t]he client's case may not be adversely affected by malfeasance solely attributable to the attorney[,]" the court erred by dismissing the case pursuant to section 575.2 for the local rules violation. (*Franklin, supra,* 148 Cal.App.4th at p. 212, fn. omitted; *Wantuch, supra,* 32 Cal.App.4th at p. 795 ["[t]erminating sanctions should not be ordered as a first response when noncompliance is through no fault of the party"]; *Meeker, supra*, 13 Cal.App.4th at p. 1104 [court erred by denying petition for surcharge for attorney's failure to file joint statement; noting that "[i]f anyone was to blame for this fiasco, it was the lawyers, not the parties"]; *Massie v. AAR Western Skyways, Inc.* (1992) 4 Cal.App.4th 405, 412 [reversing judgment where plaintiffs' failure to timely post jury fees was "apparently attributable to counsel's unfamiliarity with" local rules].)

---

4       We are not persuaded by Dr. Makiyama's claim that plaintiff was somehow at fault for not attending the issue conference because she had notice of the conference. This claim is based on the fact that plaintiff attended an issue conference six months earlier, in February 2012. There is no indication in the record that plaintiff attended the hearing where the court set the date for the August 9, 2012 issue conference. Similarly, there is no indication in the record that plaintiff's attorney told her of the date for the issue conference. In any event, plaintiff's attendance at a previous issue conference — six months earlier — does not demonstrate she was aware of the local rule requiring submission of pretrial documents before the issue conference.

7

The court erred by dismissing plaintiff's case for the additional reason that there was no evidence less severe sanctions would be ineffective. (Gov. Code, § 68608, subd. (b); *Tliche, supra,* 66 Cal.App.4th at p. 1062.) Here as in *Tliche*, there was "no evidence of prior sanctions against either the party or counsel" and "[u]nder the circumstances, the order of dismissal must be reversed." (*Ibid.*) Relying on a 2009 "Verdict and Settlement" report where a Los Angeles County Superior Court "tossed out the complaint because pre-trial deadlines were not met[,]" Dr. Makiyama claims Anyia demonstrated a "pattern of failure to meet or ignore pre-trial deadlines." We are not persuaded. Anyia contends he "was relieved as counsel . . . before [that] case went to trial" and, in any event, a disposition in *another* case does not demonstrate "less severe sanctions would be ineffective" in *this* case. (*Ibid.*)

Third, the court erred by dismissing the action without giving plaintiff "notice *and an opportunity to be heard*" as required by section 575.2, subdivision (a). (*Lee v. An* (2008) 168 Cal.App.4th 558, 564 (*Lee*).) It does not appear plaintiff or Anyia had notice that dismissal could result if they failed to comply with local rule 5. (*Id.* at p. 565.) Dr. Makiyama's contention that Anyia had "actual notice" of the issue conference does not alter our conclusion. The issue is not whether Anyia knew about the issue conference, but whether he knew the court would entertain an oral motion and dismiss his client's case if he failed to attend the issue conference and file the required documents. The court's April 18, 2012 minute order notes that counsel, parties, and those with settlement authority must appear at the issue conference, but the minute order does not state a failure to appear at the issue conference may result in dismissal of the case. As a result, "the court exceeded its authority by imposing sanctions for noncompliance with the local rules, 'without prior notice to . . . the party against whom the penalty is sought to be imposed.'" (*Lee, supra,* 168 Cal.App.4th at p. 565.)

*Reid v. Balter* (1993) 14 Cal.App.4th 1186 (*Reid*) is instructive. There, the trial court dismissed a lawsuit for plaintiffs' failure to appear at a status conference and the appellate court reversed. As the *Reid* court explained, "procedural requirements that precede [a] dismissal . . . include notice to the plaintiff of a motion or intent to dismiss

8

and an opportunity for plaintiff to be heard.  [Citation.]  Contrary to defendants' assertion . . . plaintiffs were *not* given notice that their case would be dismissed if they failed to appear for the status conference set for October 27, 1989.  Therefore, dismissal was a clear violation of plaintiffs' due process rights [ ] and the order of dismissal is void.  [Citation.]."  (*Id.* at p. 1193.)   The same is true here.  Plaintiff did not have notice her case would be dismissed if she failed to attend the issue conference, and as a result, the dismissal order violated her due process rights.  (§ 575.2, subd. (a).)

In addition, the court dismissed the case as a sanction for violating local rule 5 without giving plaintiff's counsel an opportunity to be heard.  "The authority to sanction for violation of local court rules is essential to ensure that the rules are followed, but it is basic that counsel must have the opportunity to be heard on the issue before sanctions can be imposed."  (*Annex British Cars, Inc. v. Parker-Rhodes* (1988) 198 Cal.App.3d 788, 792-793; cf *Youngworth v. Stark* (1991) 232 Cal.App.3d 395, 407.)

We do not condone Anyia's failure to familiarize himself and comply with the local rules.  While we appreciate that Makiyama may have been prejudiced in lost time and expense due to plaintiff's failure to appear, we must conclude the court erred by dismissing plaintiff's case for the violation of local rule 5 where the violation was counsel's fault, where there was a lack of evidence less drastic sanctions would have been ineffective, and where the court did not provide plaintiff with notice and an opportunity to be heard before the court dismissed the case.  "Although authorized to impose sanctions for violation of local rules, [citation] courts ordinarily should avoid treating a curable violation of local procedural rules as the basis for crippling a litigant's ability to present his or her case."  (*Elkins v. Superior Court* (2007) 41 Cal.4th 1337, 1364.)

## II.

### *The Court Erred by Denying Relief Under Section 473(b)*

Next, plaintiff contends the court abused its discretion by denying her section 473(b) motion to set aside the dismissal.  Section 473(b) provides for both discretionary

and mandatory relief.[5]  Under the mandatory relief provision, the trial court shall vacate any "resulting default judgment or dismissal entered" upon a showing by attorney declaration of "mistake, inadvertence, surprise, or neglect[.]"  (§ 473(b).)  "The range of attorney conduct for which relief can be granted in the mandatory provision . . . includes inexcusable neglect.  But . . . [m]andatory relief only extends to *vacating* a default which will result in the entry of a default judgment, a default judgment, or an *entered* dismissal."  (*Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 616 (*Leader*).)

The "attorney affidavit provision of section 473 originally applied only to defaults" but the Legislature later extended the relief available for attorney fault to include relief from dismissals.  (*Generale Bank Nederland v. Eyes of the Beholder Ltd.* (1998) 61 Cal.App.4th 1384, 1396.)  Although the statute refers generally to "dismissals," most appellate courts have concluded the Legislature intended the word "dismissal" to have a limited meaning in the context of the mandatory relief portion of section 473(b).  (E.g., *English v. IKON Business Solutions, Inc.* (2001) 94 Cal.App.4th 130, 148; *Leader, supra,* 89 Cal.App.4th at p. 618.)  These courts have determined mandatory relief applies to dismissals "which occur through failure to oppose a dismissal

---

[5]    Section 473(b) provides in relevant part, "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect.  Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and shall be made within a reasonable time, . . . after the judgment, dismissal, order, or proceeding was taken. . . . No affidavit or declaration of merits shall be required of the moving party.  Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect."

10

motion—the only dismissals which are procedurally equivalent to a default." (*Peltier v. McCloud River R.R. Co.* (1995) 34 Cal.App.4th 1809, 1817 (*Peltier*); *Jerry's Shell v. Equilon Enterprises, LLC* (2005) 134 Cal.App.4th 1058, 1070.)

Here, the court seemed to conclude plaintiff was entitled to discretionary — not mandatory — relief. The court was mistaken. Mandatory relief under section 473(b) was available because the dismissal was "procedurally equivalent to a default." (*Peltier, supra,* 34 Cal.App.4th at p. 1817.) Plaintiff and her attorney did not have an opportunity to appear and present evidence and argument in opposition to Dr. Makiyama's request for dismissal. As a result, the dismissal of plaintiff's action based on her counsel's failure to comply with local rules was the procedural equivalent of a default and mandatory relief was available under section 473(b). (*Id.* at p. 1817.)

Section 473's provision for mandatory relief from a dismissal based upon a declaration of attorney error does not require a determination the error was excusable. It applies even when the attorney has no excuse. "'Relief is mandatory when a complying affidavit is filed, even if the attorney's neglect was inexcusable.'" (*SJP Limited Partnership v. City of Los Angeles* (2006) 136 Cal.App.4th 511, 516-517.) Here, Anyia's declaration was sufficient to show attorney fault. In his declaration, Anyia testified he "inadvertently zeroed in on the trial date . . . and failed to calendar the issue conference hearing date in this case." Anyia further averred his "failure and Plaintiff's failure to appear at the issue conference hearing . . . was not meant to flaunt or ignore the jurisdiction of this court but was due to the aforementioned mistake and inadvertence on my part in not properly calendaring the future dates in this case given to [his colleague]." At the hearing on the motion, Anyia accepted responsibility for the failure to appear at the issue conference and admitted fault for failing to attend with his client.

Under the circumstances, we conclude the court erred by denying plaintiff's motion to set aside the dismissal under section 473(b).

## DISPOSITION

The orders dismissing the action and denying relief under Code of Civil Procedure section 473(b) are reversed. The case is remanded to the trial court with directions to

11

vacate the orders and to consider whether to hold a hearing on the possible imposition of sanctions, other than terminating sanctions, for the violation of Contra Costa Superior Court, Local Rules, rule 5.  In the interests of justice, the parties are to bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)

_____

Jones, P.J.

We concur:

_____

Simons, J.

_____

Bruiniers, J.

12